**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001079
25-APR-2014
08:18 AM**

NO. CAAP-12-0001079

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
DEREK CAVILLIS, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(FCCR NO. 09-1-159K)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Leonard and Reifurth, JJ.)

Defendant-Appellant Derek Cavillis (**Cavillis**) appeals from the "Judgment, Guilty Conviction and Sentence" entered October 26, 2012 in the Family Court of the Third Circuit[1] (**family court**).  Cavillis was convicted on six counts of Sexual Assault in the First Degree (Counts 1, 3, 5, 6, 7, and 8) in violation of Hawaii Revised Statutes (**HRS**) § 707-730(1)(b) (Supp. 2013) and five counts of Sexual Assault in the Third Degree (Counts 2, 4, 9, 10, and 11) in violation of HRS § 707-732(1)(b) (Supp. 2013).

Cavillis contends the family court reversibly erred by:

(1) denying his October 28, 2011 "Motion to Dismiss Case due to Two Mistrials" (**Motion to Dismiss**);

(2) admitting interview videos without sufficient foundation;

---

[1]  The Honorable Judge Elizabeth A. Strance presided.

(3) violating his "rights against double jeopardy" by convicting him of Count 8, sexual assault in the first degree in the third trial; and

(4) convicting and sentencing him despite ineffective assistance of his counsel.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Cavillis's points of error as follows:

(1) The family court did not reversibly err by denying Cavillis's Motion to Dismiss. Proceeding to the third trial did not place him in double jeopardy under State v. Moriwake, 65 Haw. 47, 647 P.2d 705 (1982). At issue in Moriwake was whether a defendant's rights to not be placed in "double jeopardy" required dismissal of an indictment for manslaughter following two hung jury trials. Moriwake, 65 Haw. at 50, 647 P.2d at 709. In balancing the State's interest of punishing criminal conduct against the interest of ensuring fairness to defendants and protecting the integrity of the judicial process, appellate courts determine whether the trial court properly exercised its discretion by considering:

> (1) the severity of the offense charged; (2) the number of prior mistrials and the circumstances of the jury deliberation therein, so far as is known; (3) the character of prior trials in terms of length, complexity and similarity of evidence presented; (4) the likelihood of any substantial difference in a subsequent trial, if allowed; (5) the trial court's own evaluation of relative case strength; and (6) the professional conduct and diligence of respective counsel, particularly that of the prosecuting attorney.

Moriwake, 65 Haw. at 56, 647 P.2d at 712-13 (citation omitted).

The seriousness of first degree sexual assault charges against Cavillis; the lengthy, complex prior trials; the difference in evidence and defense and prosecutorial theories presented in the trials; the juries' majority votes for conviction in the first two trials; and the failure of the prosecuting attorney in the first trial to object to allegedly inadmissible evidence, to cross-examine Cavillis, and present rebuttal to some of Cavillis's evidence show that the balance of

the Moriwake factors favor the family court's decision to proceed to the third trial and to deny Cavillis's Motion to Dismiss.

(2) The family court did not abuse its discretion by admitting the Children's Justice Center witness interview videos over Cavillis's objection and pursuant to Hawaii Rules of Evidence (**HRE**) Rule 613(c) (1993). See State v. Assaye, 121 Hawai'i 204, 210, 216 P.3d 1227, 1233 (2009) ("The determination of whether proper foundation has been established lies within the discretion of the trial court, and its determination will not be overturned absent a showing of clear abuse.") (internal quotation marks citations and brackets omitted). The family court acted within its discretion by finding the testimony that a witness had met with prosecutors a number of times in preparation for testifying in all three trials, elicited by Cavillis's counsel, constituted an implied claim that the witness' testimony had been influenced, rendering application of HRE Rule 613(c) appropriate.

(3) Without reaching the constitutional elements of Cavillis' claim that the family court placed him in double jeopardy by convicting him of Count 8 Sexual Assault in the First Degree in the third trial, we conclude that the failure to submit Count 8 to the jury as Sexual Assault in the Third Degree constituted error. Cavillis concedes that neither party brought this error to the trial court's attention, but "[p]lain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Hawai'i Rules of Penal Procedure (**HRPP**) Rule 52. The State concedes the error and correctly states that because there was sufficient evidence that Cavillis committed the offense of Sexual Assault in the Third Degree, HRS § 707-732, the family court's judgment against Cavillis as to Count 8, Sexual Assault in the First Degree, should be vacated and judgment should be entered by the family court that Cavillis violated HRS § 707-732, Sexual Assault in the Third Degree. See State v. Fitzwater, 122 Hawai'i 354, 378, 227 P.3d 520, 544 (2010).

(4) Cavillis contends the family court erred by convicting and sentencing him despite ineffective assistance of his counsel who allegedly "seriously misunderst[ood]" a

3

confrontation clause issue. We conclude the record is not "sufficiently developed to determine whether there has been ineffective assistance of counsel[,]" but Cavillis has alleged facts that, if proven, would entitle him to relief and that his allegations are not patently frivolous. State v. Silva, 75 Haw. 419, 439, 864 P.2d 583, 592-93 (1993). Therefore, this court affirms Cavillis's conviction without prejudice to his filing a HRPP Rule 40 petition on his ineffective assistance of counsel claim. Silva, 75 Haw. at 439, 864 P.2d at 592-93.

Therefore,

IT IS HEREBY ORDERED that the October 26, 2012 "Judgment, Guilty Conviction and Sentence" entered in the Family Court of the Third Circuit is rejected in part, vacated and remanded in part, and affirmed in part as follows: (1) Cavillis's claim of ineffective assistance of counsel is rejected without prejudice to his subsequent filing of a HRPP Rule 40 post-conviction motion for relief; (2) Count 8 is vacated and remanded for entry of judgment that Cavillis violated HRS § 707-732, Sexual Assault in the Third Degree; and (3) all remaining parts are affirmed.

DATED: Honolulu, Hawai'i, April 25, 2014.

On the briefs:

William Li
for Defendant-Appellant.

Linda L. Walton
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge